**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00394-CR**
_____

**ZACHARY WAYNE SHAW, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. CR32811**

_____

**MEMORANDUM OPINION**

Pursuant to a plea bargain agreement, appellant Zachary Wayne Shaw pleaded guilty to assault involving family violence by occlusion. *See* Tex. Penal Code Ann. § 22.01(b)(2)(B) (West 2019).[1] The trial court found Shaw guilty, deferred

---

[1] We cite to the current version of the statute as amendments subsequent to Shaw's offense do not affect our disposition.

1

adjudication of guilt, placed Shaw on community supervision for ten years, and assessed a $1,000 fine.

Two years later, the State filed a motion to revoke and alleged that Shaw violated certain terms and conditions of his community supervision. Specifically, the State alleged that Shaw failed to report monthly to his supervision officer, failed to work his community service, failed to enroll and complete anger management counseling, failed to enroll and complete batterer's intervention classes, and failed to attend and complete an evaluation for the mental health caseload. The State also alleged that Shaw failed to pay his fine, court costs, attorney's fees, and community supervision fees, and that he had failed to refrain from contacting the victim. Shaw pleaded "not true" to all the allegations. The trial court held a hearing. Shaw's supervision officer testified that Shaw had failed to report monthly to his supervision officer, failed to work his community service, failed to complete anger management counseling, failed to complete batterer's intervention classes, and failed to complete an evaluation for the mental health caseload. Shaw also testified.

At the end of the revocation hearing, the trial court found that Shaw failed to report to his community supervision officer as directed, failed to work his community service, failed to enroll in and complete anger management counseling, failed to enroll in and complete batterer's intervention classes, and that he failed to

2

attend and complete his evaluation for the mental health caseload. The court revoked Shaw's community supervision and found him guilty of the underlying offense. After a punishment hearing, the court assessed eight years' confinement in the Texas Department of Criminal Justice—Institutional Division and ordered Shaw to pay court costs. Shaw filed a notice of appeal.

Shaw's appellate counsel filed a brief that presents counsel's professional evaluation of the record, and he concludes the appeal is frivolous and without merit and that there are no arguable grounds for reversal. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.3d 807 (Tex. Crim. App. 1978). We notified Shaw of his right to file a pro se brief, but we have not received a response from Shaw.

Upon receiving an *Anders* brief, a court must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have independently examined the entire appellate record in this matter. We conclude that no reversible error exists, no arguable issues support an appeal, and this appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the

3

court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[2]

    AFFIRMED.

 

 

                          _____

                                 LEANNE JOHNSON
                                      Justice

Submitted on June 24, 2019
Opinion Delivered July 10, 2019
Do Not Publish

Before McKeithen, C.J., Horton and Johnson, JJ.

---

   [2] Shaw may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

4